**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **PIXEL DISPLAY LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**HISENSE CO., LTD. and HISENSE VISUAL TECHNOLOGY CO., LTD. (F/K/A QINGDAO HISENSE ELECTRONICS CO., LTD. and HISENSE ELECTRIC CO., LTD.),**<br>Defendants. | **Case No.  6:21-cv-42** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pixel Display LLC ("Pixel Display" or "Plaintiff") files this Complaint for patent infringement against  Defendants Hisense Co., Ltd. and Hisense Visual Technology Co., Ltd. (f/k/a Qingdao Hisense Electronics Co., Ltd. and Hisense Electric Co., Ltd.) (collectively, "Hisense" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Hisense from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 7,245,343 (the "'343 Patent").

## PARTIES

2.      Pixel Display is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business 106 E Sixth Street, Suite 900, Austin, Texas 78701.

3.     Defendant Hisense Co., Ltd. is a foreign corporation duly organized and existing under the laws of the People's Republic of China, with a principal place of business at Hisense Tower, No. 17 Donghaixi Road, Qingdao, Shandong Province, 266071, P.R. China. Hisense Co., Ltd. is a parent corporation of Defendant Hisense Visual Technology Co., Ltd. 4.

4.     Defendant Hisense Visual Technology Co., Ltd. is a foreign corporation duly organized and existing under the laws of the People's Republic of China, with a principal place of business at No. 218, Qianwangang Road, Economic and Technological Development Zone, Qingdao, Shandong Province, 266555, P.R. China. Hisense Visual Technology Co., Ltd. formerly did business under the names Qingdao Hisense Electronics Co., Ltd. and Hisense Electric Co., Ltd.

5.     On information and belief, Defendants act in concert to design, manufacture, sell, offer for sale, import, distribute, advertise, and/or otherwise promote the accused infringing products in the United States, the State of Texas, and this judicial district.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement arising under the Patent Laws of the United Sates, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Hisense is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long-Arm Statute. See Tex. Civ. Prac. & Rem. Code §§ 17.041 et seq.

8.     This Court has personal jurisdiction over Hisense because Hisense has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over Hisense because, inter alia, Hisense, on information and belief, has substantial, continuous, and systematic business

contacts in this judicial district, and derives substantial revenue from goods provided to individuals in this judicial district.

9.      Hisense has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

10.     This Court has personal jurisdiction over Hisense because Hisense (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a). In particular, on information and belief, Hisense uses, sells, offers for sale, imports, advertises, and/or otherwise promotes infringing products in the United States, the State of Texas, and this judicial district.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) – (d) and/or 1400(b). Hisense is registered to do business in the State of Texas, maintains a regular and established place of business within this judicial district, and has committed acts of infringement in this judicial district.

## COUNT I
### (Infringement of U.S. Patent No. 7,245,343)

12.     Pixel Display incorporates paragraphs 1 through 7 as though fully set forth herein.

13.     Plaintiff is the owner, by assignment, of U.S. Patent No. 7,245,343 (the "'343 Patent"), entitled LIQUID CRYSTAL DISPLAY DEVICE, which issued on July 17, 2007. A copy of the '343 Patent is attached as Exhibit A.

14.     The '343 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15.     Upon information and belief, Hisense has infringed and continues to infringe one or more claims, including at least Claim 1, of the '343 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, engaging in the manufacturing and/or having manufactured, selling and/or offering to sell within the United States, using in the United States, and/or importing into the United States LCD panels containing functionality covered by one or more claims of the '343 Patent.  Hisense in directly infringing, literally infringing, and/or infringing the '343 Patent under the doctrine of equivalents.

16.     The Accused Instrumentality infringes claim 1 of the '343 Patent as it is a liquid crystal display device, comprising: a first substrate on which a plurality of pixel electrodes are formed, said plurality of pixel electrodes comprising a symmetrical shape; a second substrate on which an opposing electrode is formed; a liquid crystal layer sandwiched between said first and second substrates, said second substrate further having thereon a plurality of protrusions, each of said protrusions being positioned at a central portion of a corresponding one of said pixel electrodes and elongated toward the first substrate; and an alignment layer formed between said plurality of protrusions and said first substrate, wherein said plurality of protrusions comprises a rod-shaped spacer extending between said first and second substrates.

17.     Regarding Claim 1, the Accused Instrumentality is a liquid display device.



https://www.hisense-usa.com/support/models/32H4F_hd-hisense-roku-tv-2019



18.     The Accused Instrumentality includes a first substrate (e.g. TFT Filter Substrate).

Cross section of display:



19.     The first substrate includes a plurality of pixel electrodes formed in a symmetrical

shape. Surface view of first substrate:



20.    The Accused instrumentality includes a second substrate (e.g. Color Filter Substrate). Cross section of display:



21.    The second substrate includes a plurality of electrodes, which oppose the first electrodes. Surface view of the second substrate:



22.     The Accused instrumentality includes a liquid crystal layer sandwiched between the first and second substrates.



23.     The second substrate includes a plurality of protrusions.



24.     The protrusions are positioned at a centralized location between the corresponding pixel electrodes.



25.     The protrusions are elongated toward the first substrate. Angled view of the second substrate showing the protrusions extending from the surface which faces the first substrate when the Accused instrumentality is assembled:



26. The Accused instrumentality includes an alignment layer formed between the protrusions and the first substrate.



27.    The plurality of protrusions comprise rod shaped spacers which extend between the first and second substrates.



28.     Pixel Display has been damaged by Hisense's infringing activities.

## **JURY DEMAND**

Pixel Display hereby requests a trial by jury on all issues so triable by right.

## **PRAYER FOR RELIEF**

Pixel Display requests that the Court find in its favor and against Hisense, and that the

Court grant Pixel Display the following relief:

a.     Judgment that one or more claims of the '343 Patent have been infringed, either

literally and/or under the doctrine of equivalents, by Hisense;

b.      Judgment that Hisense accounts for and pay to Pixel Display all damages and costs incurred by Pixel Display, caused by Hisense's infringing activities and other conduct complained of herein;

c.      That Pixel Display be granted pre-judgment and post-judgment interest on the damages caused by Hisense's infringing activities and other conduct complained of herein;

d.      That this Court declare this an exceptional case and award Pixel Display reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e.      That Pixel Display be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED January 18, 2021.                    Respectfully submitted,

By: */s/ Neal G. Massand*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
PIXEL DISPLAY LLC**